# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ROBERT BELL,

       **Plaintiff,**

v.                                                             No. 98cv0605 JP/JHG

**KENNETH S. APFEL,**
**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

       This matter is before the Court on Plaintiff's (Bell's) Motion to Reverse or Remand the Administrative Decision, filed January 21, 1999. The Commissioner of Social Security issued a final decision denying Bell's applications for disability insurance benefits and supplemental security income. The United States Magistrate Judge, having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, finds the motion is well-taken and recommends that it be GRANTED.

       Bell, now fifty-nine years old, filed his applications for disability insurance benefits and supplemental security income on May 12, 1994, alleging a disability which commenced August 15, 1990, due to depression, low back pain, and sciatica. He is a high school graduate with two years of college and past relevant work as a drafter, janitor, and maintenance worker. The Commissioner denied Bell's application for disability insurance benefits and supplemental security income both initially and on reconsideration. After conducting an administrative hearing, the Commissioner's

Administrative Law Judge (ALJ) found Bell had the residual functional capacity to perform work-related activities except for work involving lifting or carrying more than 25 pounds occasionally or fifteen pounds frequently, inability to sit, stand, or walk for more than 1 to 2 hours without being able to change positions. The ALJ also found Bell had moderate limitations in activities of daily living, social functioning, and ability to deal with stress. Relying on the testimony of a vocational expert, the ALJ found he was able to perform his past relevant work as a drafter and pricing clerk. Thus, the ALJ concluded Bell was not disabled within the meaning of the Social Security Act. The Appeals Council denied Bell's request for review of the ALJ's decision. Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes. Bell seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §405(g).

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520

(a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit her ability to do basic work activities, and his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id.*

In support of his motion to reverse or remand the administrative decision, Bell argues the ALJ misinterpreted evidence regarding his post onset employment, misinterpreted the evidence regarding his use of alcohol, erred in his assessment under the listings, erred in finding he could perform his past relevant work.

The ALJ found that while Bell testified he had not worked since 1993, he indicated on a form dated August 12, 1996, that he had worked a dishwasher and a janitor from January through November, 1994. Tr. 13, 179. On the form dated August 12, 1996, Bell stated he worked at the Ramada Classic as a dishwasher from October, 1994 to November 1994, and as a janitor at Price's Truck Stop from January, 1994 to October, 1994. Tr. 179.

However, his earnings record, dated May 2, 1996, does not show any earnings after 1993. Tr. 78. Moreover, on a form completed in May, 1994, Bell stated he was employed at the Ramada Classic in March, 1993. Tr. 109. On a form completed April 13, 1994, Bell wrote that he had worked

3

at Price's Truck Stop in 1990. Tr. 88. His earnings record is consistent with this period of time. Tr. 78. In light of the record, the ALJ's finding that Bell engaged in post-onset work activity is not supported by substantial evidence. Although the ALJ did not find Bell engaged in post-onset substantial gainful activity, the decision indicates the ALJ relied on his flawed assumption in assessing Bell's credibility. Thus, a remand is required. On remand, the ALJ should reassess Bell's credibility in the absence of this unsupported finding.

Bell contends the ALJ placed undue reliance on a positive result on a substance abuse screen. The ALJ wrote that "while the claimant indicates that he last utilized alcohol in June, 1994, recently submitted evidence documents that the claimant tested positive on a substance abused screen in April, 1996." Tr. 14. The ALJ cited to the report of Dr. Morgan. Tr. 188. While Dr. Morgan's report stated the positive result on the screen establish Bell was chemically dependent on alcohol, it did not indicate Bell was drinking at that time. Tr. 188. On the contrary, Dr. Morgan went on to write Bell had his last drink in June, 1994, considered his abstinence a strength and attended AA. *Id.* Moreover, the other medical reports of record demonstrate Bell was sober from 1992 except for two relapses. Tr. 117-120, 138-141. The decision indicates ALJ's unsupported finding influenced his credibility determination. On remand, the ALJ should reassess Bell's credibility in the absence of this unsupported finding.

Bell argues the ALJ did not properly assess his credibility. The ALJ found Bell's testimony was not fully credible. While it is true that this Court generally defers to credibility determinations of the ALJ, such deference is not absolute. *Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993). The ALJ's credibility determination is not supported by substantial evidence. A remand is required due to this omission. *Kepler v. Chater*, 68 F.3d 387, 391-92 (10th Cir. 1995). On remand,

the ALJ should reevaluate Bell's credibility.

Bell contends the ALJ erred by not finding him disabled at step three under the listings due to his schizophrenia and depression. A claimant is presumed disabled under the listings if he meets the criteria for a listed impairment. 20 C.F.R. 404.1520(d).

Listing 12.03, Schizophrenic, Paranoid and Other Psychotic Disorders, provided in pertinent part as follows:

> 12.04 Affective Disorders: Characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation.
> The required level of severity for these disorders is met when the requirements in both A and B are satisfied.
>
> 1. Delusions or hallucinations; or
>
> 2. Catatonic or other grossly disorganized behavior; or
>
> 3. Incoherence, loosening of associations, illogical thinking, or poverty of content of speech if associated with one of the following:
>     a. Blunt affect; or
>     b. flat affect; or
>     c. inappropriate affect; OR
>
> 4. Emotional withdrawal and/or isolation

AND
> B. Resulting in at least two of the following:
>     1. Marked restriction of activities of daily living; or
>     2. Marked difficulties in maintaining social functioning; or
>     3. Deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner (in work settings or elsewhere); or
>     4. Repeated episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms (which may include deterioration of adaptive behaviors).

OR
> C. Medically documented history of one or more episodes of acute symptoms, signs and

functional limitations which at the time met the requirements in A and B of this listings, although these symptoms or signs are currently attenuated by medication or psychological supports, and

> 1.Repeated episodes of deterioration or decompensation ins situations which cause the individual to withdraw from that situations or to experience exacerbation of signs or symptoms (which may include deteriorations of adaptive behaviors.

Listing 12.04, Affective Disorders, provides in pertinent part as follows:

12.04 Affective Disorders: Characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation.
The required level of severity for these disorders is met when the requirements in both A and B are satisfied.

A. Medically documented persistence, either continuous or intermittent, of one of the following:
    1. Depressive syndrome characterized by at least four of the following:
    a. Anhedonia or pervasive loss of interest in almost all activities; or
    b. Appetite disturbance with change in weight; or
    c. Sleep disturbance; or
    d. Psychomotor agitation or retardation; or
    e. Decreased energy; or
    f. Feelings of guilt or worthlessness; or
    g. Difficulty concentrating or thinking; or
    h. Thoughts of suicide; or
    i. Hallucinations, delusions or paranoid thinking; or

2. Manic syndrome [criteria omitted]; or
3. Bipolar syndrome with a history of episodic periods manifested by the full symptomatic picture of both manic and depressive syndromes (and currently characterized by either or both syndromes);

AND

B. Resulting in at least two of the following:
    1. Marked restriction of activities of daily living; or
    2. Marked difficulties in maintaining social functioning; or
    3. Deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner (in work settings or elsewhere); or
    4. Repeated episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms (which may include deterioration of adaptive

behaviors).

In order to establish his condition meets or equals the listings, a claimant must establish his condition meets all the specified medical criteria. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). In this case, the ALJ found Bell satisfied the "A" criteria of 12.03 because he suffered from delusions or hallucinations. Tr. 20. The ALJ found Bell satisfied the "A" criteria of 12.04 due to his dysthymia. Tr. 21 These findings are supported by substantial evidence

With respect to the "B" criteria, the ALJ found only moderate restriction of activities of daily living, moderate difficulty in maintaining social functioning, and seldom had deficiencies in concentration, persistence or pace. Therefore, the ALJ concluded Bell's mental condition did not met the listings, because he did not satisfy both the "A" and "B" criteria. *Sullivan v. Zebley*, 493 U.S. at 530.

Substantial medical evidence of record clearly supports the ALJ's determination that Bell's condition does not meet either 12.03 or 12.04. The ALJ's finding of only a moderate impairment in the activities of daily living is supported by substantial evidence. Tr. 192. The ALJ's finding of only a moderate impairment in social functioning is supported by substantial evidence as well. Bell was able to maintain his family relationships and had acquaintances at the counseling center. Tr. 188, 192. He also went bowling. Tr. 190. The ALJ's finding that he seldom had deficiencies in concentration, persistence, and pace is also supported by the record. Bell testified he read as a hobby and Dr. Sosa noted he was able to complete several tests without difficulty. Tr. 104, 166.

Bell also argues his condition satisfies the "C" criteria of listing 12.03. The ALJ found that episodes of deterioration and decompensation were largely associated with alcohol abuse, rather than other conditions. This finding is supported by substantial evidence. The ALJ has the authority to

7

resolve conflicts in the evidence. *Casias v. Secretary of Health and Human Services*, 933 F.2d 799, 801 (10th Cir. 1991). The ALJ applied correct legal standards and substantial evidence supports his findings at step three.

Bell argues the ALJ erred in finding he was able to perform his past relevant work. The ALJ relied on the testimony of a vocational expert to conclude that Bell was able to perform his past relevant work as a drafter and pricing clerk. However, the hypothetical questions posed by the ALJ to the vocational expert did not specifically describe Bell's impairments. Tr. 49. Instead, he merely referred to the medical reports. Vocational expert testimony based on information which does not precisely relate all of a claimant's impairments cannot constitute substantial evidence. *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995); *Hargis v. Sullivan*, 945 F.2d 1482, 1491 (10th Cir. 1991). The ALJ did not precisely relate all of Bell's impairments in his hypothetical questions. For this reason, the Commissioner failed to meet his burden at step five and his decision is not supported by substantial evidence. On remand, the ALJ should propound hypothetical questions to a vocational expert which precisely relate all of Bell's impairments.

Bell contends the ALJ failed to develop the record regarding his past relevant work. This Court agrees. The ALJ has a basic obligation in every case to ensure that an adequate record is developed consistent with the issues raised. *Henrie v. United States Dept. of Health and Human Services*, 13 F.3d 359, 360-61 (10th Cir. 1993). This duty was not fulfilled in this case. In order to constitute past relevant work under applicable regulations, the job must have been performed within the past fifteen years, have been of sufficient duration to enable the worker to learn to perform the job, and had to be substantial gainful activity. 20 C.F.R. §§ 404.1565(a) and 416.965(a). On remand, the ALJ should fulfill his duty to develop the record, including *inter alia,* obtaining complete

8

information of the requirements of Bell's past relevant work as required by the regulations and *Henrie.*

## RECOMMENDED DISPOSITION

The ALJ did not apply correct legal standards and his decision is not supported by substantial evidence. Bell's Motion to Reverse and Remand Administrative Decision, filed January 21, 1999, should be granted. This case should be remanded to the Commissioner to allow the ALJ to reassess Bell's credibility in the absence of the unsupported findings regarding past work and alcohol abuse; to precisely relate all of Bell's impairments, in his hypothetical questions to the vocational expert ; and to obtain complete information of the requirements of his past relevant work as required by the regulations and *Henrie.*

**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE**
Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.